UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:01CR-26-R

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.

ROBERT L. HINES, JR.                                                                              DEFENDANT

**MEMORANDUM OPINION**

This matter is before the Court on Defendant's Motion to Terminate Supervised Release (Docket # 27). Plaintiff has filed a response (Docket #28). This matter is now ripe for adjudication. For the reasons that follow, Defendant's Motion to Terminate Supervised Release is **DENIED**.

**BACKGROUND**

On August 15, 2001, Defendant entered into a plea agreement, pleading guilty to being a felon in possession of a gun, in violation of 18 U.S.C. § 922(g)(1), and possessing with intent to distribute approximately twenty-three pounds of marijuana, in violation of 21 U.S.C. § 841(a)(1). On November 19, 2001, Defendant was sentenced to forty-six months in prison followed by three years of supervised release. Defendant began his term of supervised release on November 26, 2004.

**DISCUSSION**

A Court may terminate the term of supervised release after the expiration of one year of supervised release, if it is satisfied after considering certain factors set forth in 18 U.S.C. § 3553 that such action is warranted by the conduct of the defendant and the interest of justice.[1]  18 U.S.C.

---

[1] It is undisputed that Defendant has been on supervised release for a period of more than one year.

§ 3583(e)(1). Among these factors is "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Also among the factors to be considered is "the need for the sentence imposed to afford adequate deterrence to criminal conduct" and "the need for the sentence imposed to protect the public from further crimes of the defendant." 18 U.S.C. §§ 3553(a)(2)(B), (C).

The Court has reviewed the nature and circumstances of the offense pursuant to 18 U.S.C. § 3553(a)(1), and finds the following facts pertinent to its decision. Defendant was arrested when he agreed to sell a confidential informant four pounds of marijuana for $3600. Federal agents monitored the controlled purchase. When the agents went to arrest Defendant, he took off running. Following a short foot chase, Defendant was arrested. The following day a search warrant was executed at Defendant's home. An additional nineteen pounds of marijuana were discovered along with $3800 in U.S. currency. A loaded Taurus 9mm pistol was found in Defendant's bedroom along with the money. The pistol contained thirteen rounds of ammunition and an additional thirty-two rounds of 9mm ammunition were recovered during the search.

The Court has also conducted a review of the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1), and finds the following facts pertinent to its decision. Defendant pleaded guilty to the Possession of a Handgun at the age of seventeen. At the age of eighteen he pleaded guilty to Misdemeanor Possession of Marijuana. At the age of nineteen he pleaded guilty to Felony Possession of a Controlled Substance, Cocaine and was sentenced to a year in custody. The sentence was suspended and Defendant was placed on two years probation. The following month, Defendant pleaded guilty to Unlawful Delivery of a Controlled Substance on Property Owned by a Public Housing Agency. Defendant was sentenced to thirty months probation for this

offense. Less than nine months after completing his probation, Defendant was arrested for this matter. Following his arrest, Defendant admitted that he was a drug user and that he had used drugs up until the day of his arrest. According to Defendant, he was smoking two marijuana joints a day and consuming a gram of cocaine every other day.

Examining these factors the Court finds that Defendant has an extensive criminal history and that he has previously committed criminal offenses shortly after completing probation. The Court also finds that the Defendant has a history of drug use. The Court finds that the nature of Defendant's offense was sufficiently grave to warrant continued supervision. *See United States v. Suber*, 75 Fed. Appx. 442, 444 (6th Cir. 2003). The Court also finds that requiring Defendant to complete his supervised release will deter him from criminal conduct in the future, will protect the public from further crimes of the Defendant, and will be in the best interest of the Defendant. *See* 18 U.S.C. §§ 3553(B), (C).

## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Terminate Supervised Release is **DENIED**.

An appropriate order shall issue.